# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LEE D. HUSTEAD,

        Plaintiff,

    vs.

GENERAL ELECTRIC,

        Defendant.

3:19-cv-00007-RCJ-WGC

**ORDER**

      Pending before the Court is a letter (ECF No. 10) from the Plaintiff that the Court will construe as an attempt by the Plaintiff to amend his Complaint. After asserting that the Defendant filed incorrect information with the Court, the Plaintiff wrote in his letter that he "hereby amends his complaint to include the charge of 'attempt to commit criminal fraud.'" The Court denies the Plaintiff's request, because the Plaintiff failed to comply with procedural rules and amendment would be futile, because the Plaintiff cannot add a criminal charge in a civil proceeding.

      Federal Rule of Civil Procedure 15(a)(l)(A) permits a party to amend his pleading once as a matter of course within twenty-one days after serving it. In all other cases, a party may only amend his pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Additionally, Local Rule 15-1(a) requires a moving party to attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading.

Here, the Plaintiff did not follow the basic procedural requirements for seeking amendment of his Complaint. The Plaintiff did not seek to amend his complaint within twenty-one days of serving it and did not obtain the Defendant's consent to file an amendment. Furthermore, the Plaintiff failed to seek leave of court to amend his Complaint and did not attach his proposed amended complaint to his "pleading" seeking amendment. But regardless of any procedural defects, amendment is futile, because the Plaintiff cannot add a criminal charge to a civil complaint. The Plaintiff's proposed claim is not a recognized civil cause of action and would be subject to dismissal. As a result, amendment is futile.

The Court will not address any further requests in the Plaintiff's letter, since the Local Rules for the United States District Court for the District of Nevada do not permit parties to file letters with the Court. Local Rule IA 7-1(b) states:

> an attorney or pro se party must not send case-related correspondence, such as letters, emails, or facsimiles, to the court. All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice.

///

Accordingly, the Plaintiff must address all further legal correspondence with the Court as a motion, stipulation, or notice. A letter is improper. Therefore, the Court will strike any further correspondence from the Plaintiff that is not properly filed as either a motion, stipulation, or notice. For future filings, the Plaintiff should consult the local rules, which can be found online at the following link: https://www.nvd.uscourts.gov/wp-content/uploads/2017/09/Local-Rules-of-Practice.pdf

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Plaintiff's Motion to Amend Complaint (ECF No. 10) is DENIED.

IT IS SO ORDERED.


Dated this 29th day of May, 2019.

_____
ROBERT C. JONES
United States District Judge